UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Samuel Pimentel, | ) | C/A No. 9:25-cv-00031-RMG-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Charleston County, Snyder, Gorden, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Robert Samuel Pimentel, proceeding pro se, brings claims under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In a Proper Form Order dated February 10, 2025, Plaintiff was given an opportunity to provide the necessary information and paperwork to bring the case into proper form for evaluation and possible service of process. Plaintiff was warned that failure to provide the necessary information (a signed and completed complaint form, payment of the filing fee or a signed and completed Application to Proceed Without Prepayment of Fees and Affidavit (Form AO-240), a summons form listing the Defendants named in this matter, and a signed Form USM-285 for each named Defendant) within the timetable set forth in the Proper Form Order would subject the case to dismissal. Plaintiff was also directed to sign and return a copy of his unsigned motions to proceed in forma pauperis (ECF No. 2), for appointment of counsel (ECF No. 3), for injunctive relief from custody (ECF No. 4), and "to waive[] requirement to claim innocence" (ECF No. 5). *See* ECF No. 7.

At the time he filed this action, Plaintiff appears to have been a pretrial detainee at the Sheriff Al Cannon Detention Center. *See* ECF No. 1-1. The Proper Form Order was returned to the court with notations of return to sender, unable to forward, and that Plaintiff was released on January 17, 2025. ECF No. 10. Plaintiff has not provided any other address to the Court, nor otherwise contacted the Court since he filed this action.

The time to bring this case into proper form has now lapsed, and Plaintiff has failed to provide a response to the Proper Form Order or to contact the court in any way. Based on the foregoing, it is recommended that this action be **dismissed**, **without prejudice**, in accordance with Rule 41(b), Fed. R. Civ. P. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989), *cert. denied sub nom, Ballard v. Volunteers of America*, 493 U.S. 1084 (1990) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**The Clerk shall mail this Report and Recommendation to Plaintiff at his address of record. If Plaintiff satisfies the requirements for proceeding with this case as is set forth in the Proper Form Order within the time set forth for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** However, if Plaintiff fails to do so, then at the end of the time for filing objections, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. *Ballard v. Carlson*, 882 F.2d at 95 (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from

Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning).[1]

**The parties are also referred to the Notice Page attached hereto.**

*[signature]*
Molly H. Cherry
United States Magistrate Judge

April 9, 2025
Charleston, South Carolina

---

[1] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed. R. Civ. P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35-36 (4th Cir. 1990); *see also Ballard*, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk  
United States District Court  
Post Office Box 835  
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).